NOT FOR PUBLICATION

R E C E I V E D

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FEB 2 3 2017

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

KATHLEEN J. PASTUCH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 17-00989

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court on the application filed by Plaintiff Kathleen J. Pastuch ("Plaintiff") to proceed *in forma pauperis* without prepayment of fees, pursuant to 28 U.S.C. § 1915. (ECF No. 1). Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for *in forma pauperis* status pursuant to 28 U.S.C. § 1915 and will direct that the Complaint be filed.

In considering an application to proceed *in forma pauperis*, the Court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the Plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, litigants who wish to proceed *in forma pauperis* must file an application to do so which includes an affidavit of indigence that states the individual's total income, all assets, and inability to pay filing fees. *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). In this case, it appears that Plaintiff has satisfied the first inquiry. Plaintiff claims that she currently lives in a shelter, has an income of $334 per month, and does not have any money in a bank account or with a financial institution. Therefore, the Court finds that she is eligible to proceed *in forma pauperis*.

1

Second, the Court determines whether the Complaint should be dismissed. A Complaint may be subject to *sua sponte* dismissal if the Complaint is frivolous, fails to state a claim upon which relief may be granted, or it seeks money damages from defendants who are immune from such relief. *See Roman*, 904 F.2d at 194 n.1; 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citations omitted). Here, Plaintiff appeals a final decision of Defendant, the Commissioner of Social Security. The Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and is not persuaded that *sua sponte* dismissal of the Complaint is warranted. For these reasons, the Court will permit Plaintiff's Complaint to be filed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Dated: 2/23/17

2